```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

JANETTE JONES,                  )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:05 cv 22
                                )
UNION TANK CAR COMPANY, JOHN    )
POWLEY and DAVID LAWRENCE,      )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment filed by the defendant, Union Tank Car Company, on December 30, 2005.  For the reasons set forth below, this motion is **GRANTED**.

Background

The plaintiff, Janette Jones, claims that the Union Tank Car Company discriminated against her on the basis of race and sex in violation of Title VII when it allegedly declined to give her a job.  The undisputed facts are that Union Tank scheduled Jones to retake an employment exam Union Tank previously thought she had failed, but Jones subsequently cancelled her appointment to retake the exam, opting instead to file suit against the defendant.  However, no discussion of Jones' substantive allegations against Union Tank are necessary to the disposition of this case.

Discussion

The plaintiff has not responded to the pending motion for summary judgment despite an extension of time to do so, subject-

ing the motion to summary ruling pursuant to Local Rule 7.1(a). Federal Rule of Civil Procedure 56(e) states that "[w]hen a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." The Rule further states that summary judgment, if appropriate, shall be entered against a party who fails to respond. Summary Judgment is appropriate if the nonmovant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994). In this case, Jones has not raised any genuine issues of material fact in response to summary judgment, and the law supports judgment in favor of the defendant.

A plaintiff has 90 days within which to file a suit for race discrimination after receiving a right-to-sue letter. *See Dandy v. United Parcel Service, Inc*., 388 F.3d 263, 270 (7th Cir. 2004). The statute of limitations begins to run once the plaintiff has actual notice of her right to sue. *Reschny v. Elk Grove Plating Company*, 414 F.3d 821, 823 (7th Cir. 2005). In other words, the statute starts to run on the day the claimant receives the right-to-sue notice. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). However, "the law presumes timely delivery of a properly addressed piece of mail." *See Bobbitt v. Freeman Companies, Inc*., 268 F.3d 535, 538 (7th Cir. 2001). Moreover, when a plaintiff fails to provide facts explaining her delayed receipt of a properly addressed notification

2

letter, she cannot rely on the actual notice rule. See **Bobbitt**, 268 F.3d at 538-39.

Here, the EEOC sent Jones her right to sue letter on August 10, 2004.  During her deposition, she refused to answer questions regarding when she received this letter. (Jones Dep. pp. 119-20). In addition to this obduracy, the deposition initially makes reference to a document in which Jones claims she did not receive the Notice until "mid-October 2004," but the discussion of this document is shortly followed by Jones' comment that, "Whatever it says, that's the date I received it," in reference to the August 10, 2004 date. (Jones Dep. pp. 119-20) Regardless of which date the court picks--August 10, 2004 or "mid-October" 2004--Jones was untimely in filing her complaint on January 20, 2005.  Therefore, summary judgment is proper on her claims.

_____

For the foregoing reasons, the Motion for Summary Judgment filed by the defendant, Union Tank Car Company, on December 30, 2005 is **GRANTED**.

ENTERED this 4th day of May, 2006


s/ ANDREW P. RODOVICH
United States Magistrate Judge